# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY HATCHETT, | ) | Civil Action No. 7:18-cv-00081 |
|     Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Norman K. Moon |
| DANVILLE PUBLIC WORKS, et al., | ) | Senior United States District Judge |
|     Defendant(s). | ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. By Order entered on April 24, 2018, the court directed plaintiff to file an amended complaint within fourteen days from the date of the Order. Plaintiff was advised that a failure to comply would result in dismissal of this action without prejudice. Fourteen days passed and Plaintiff failed to file an amended complaint. However, Plaintiff's complaint is frivolous; therefore, I will dismiss the complaint with prejudice and assess Plaintiff a strike.

## I. Standard of Review

Title 28 U.S.C. § 1915A(a) requires initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Federal Rule of Civil Procedure 8(a) states, in part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type

against defendant." *Rowe Price–Fleming Internation, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, show that the plaintiff has stated a claim entitling him to relief. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557).

## II. Discussion

In his complaint, Plaintiff asserts claims against two public entities: Danville Public Works and the Danville Adult Detention Center. First, "state agencies are not suable under § 1983" because "they have Eleventh Amendment immunity and are not persons for purposes of § 1983." *Dingess v. Va. Dep't of Corr.*, 2012 WL 6761883, at *1 (W.D. Va. Dec. 31, 2012) (citing *Yost v. Young*, 892 F.2d 75, 1989 WL 152515, at *1 (4th Cir. 1989)). Therefore, the Danville Adult Detention Center is not subject to § 1983 suit.

Second, municipalities are subject to suit in certain contexts, but not under a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 690 (1978) (holding local governing bodies can be sued directly under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," however "a municipality cannot be held liable *solely* because it employs a tortfeasor."); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). Hatchett's complaint attempts to assert a negligence or *respondeat*

*superior* claim against a municipal public utility: Danville Public Works. Therefore, Hatchett's allegations do not make out a cognizable claim.

Plaintiff's complaint is frivolous. Accordingly, the action will be dismissed with prejudice and stricken from the active docket of the court.

The Clerk is directed to send a copy of this Order to plaintiff.

ENTERED: This __23rd__ day of July, 2018.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE